UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE SHIRLEY SMITH,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Defendant(s). | Case No. 2:21-CR-1471 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Jane Shirley Smith's ("Smith") motion to remand. (ECF No. 5). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a response (ECF No. 10), to which plaintiff replied (ECF No. 11).

**I.  Background**

Smith was injured by a nonparty in a motor vehicle collision on May 30, 2019. (ECF No. 5 at 2). After the nonparty's insurance coverage failed to fairly compensate her, Smith filed a claim with her own insurance carrier, State Farm. (*Id.* at 2–3). Specifically, Smith filed an uninsured motorist claim ("UIM") with a coverage limit of $50,000. (*Id.* at 3).

State Farm did not compensate Smith for her UIM claim, so Smith filed suit in Nevada state court on June 18, 2021. (*Id.*). In her removed complaint, Smith alleges the following causes of action: 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, 3) violation of Nevada Revised Statute § 686A.310, 4) insurance bad faith, and 5) declaratory relief. (ECF No. 1-1). Smith claims separate general damages and special damages—both in excess of $15,000—for claims one through four, undetermined punitive damages for claims two through four, and attorney's fees and costs for all claims. (*Id.* at 25–27).

**James C. Mahan**
**U.S. District Judge**

State Farm timely petitioned for removal to this court on the grounds of diversity jurisdiction. (ECF No. 1). Smith now moves to remand, arguing the amount in controversy does not exceed $75,000. (ECF No. 5).

## II.  Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). Under the removal statute, a defendant may remove any civil action over which the court has original jurisdiction. 28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal. *Id.* § 1446(b). That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal with a motion to remand. 28 U.S.C. § 1447(c). The defendant must then prove by a preponderance of the evidence that the court has original jurisdiction. *See Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992). Thus, if removal rests on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing defendant does not have to predict the eventual award with legal certainty. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). But it "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567. The court resolves ambiguity in favor of remand. *Hunter*, 582 F.3d at 1042. (citation omitted).

## III.  Discussion

The parties do not dispute that removal was timely (*see* ECF Nos. 5 at 9; 10 at 10; 11 at 6), nor do they dispute that complete diversity of citizenship exists (ECF No. 10 at 2; *see* ECF Nos. 5, 11). Thus, the issue before the court is whether the amount in controversy is met.

**James C. Mahan**
**U.S. District Judge**

- 2 -

To determine the amount in controversy, the court first looks to the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Then, if the amount in controversy is not facially apparent from the complaint, the court considers any "summary judgement-type evidence" offered by the defendant. *Valdez*, 372 F.3d at 1117; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Finally, if remand is appropriate, the court determines whether to award attorney fees to the prevailing plaintiff. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).

A. <u>The amount in controversy is not facially apparent from the removed complaint</u>

Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Nevada's rules of civil procedure permit a plaintiff to generally plead damages "in excess of $15,000 without further specification of the amount." Nev. R. Civ. P. 8(a)(4). For this reason, "no adverse inference should be taken from a plaintiff's failure to specifically plead damages above [$15,000] but below the minimum for diversity jurisdiction." *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010).[1]

As discussed above, Smith Smith claims separate general damages and special damages—both in excess of $15,000—for claims one through four, undetermined punitive damages for claims two through four, and attorney's fees and costs for all claims. (*Id.* at 25–27).

Under Nevada law, Smith's pleading of monetary amounts exceeding $15,000 is adequately specific at the pleading stage. Nev. R. Civ. P. 8(a)(4). However, because such pleading is a perfunctory request, exceeding $15,000 "is unpersuasive evidence of the true amount in controversy." *Cooper v. Gov't Emps. Ins. Co.*, No. 2:20-cv-2287-JCM-NJK, 2021 WL 374970, at *2 (D. Nev. Feb. 3, 2021). The court does not adversely infer that her claims are below $75,000 simply because she requested only "in excess of $15,000," but, without more, the amount in controversy is not apparent on the face of the complaint.

Accordingly, the amount of controversy is not facially apparent.

---

[1] *Accord Cooper v. Gov't Emps. Ins. Co.*, No. 2:20-cv-2287-JCM-NJK, 2021 WL 374970, at *2 (D. Nev. Feb. 3, 2021); *Randolph v. Albertsons LLC*, No. 2:20-cv-1896-JCM-NJK, 2020 WL 7055894, at *2 (D. Nev. Dec. 2, 2020).

**James C. Mahan**
**U.S. District Judge**

B. State Farm's summary judgment-type evidence is resolved in favor of remand

The amount in controversy determination "is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117. A defendant removing a case to federal court has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

The removing defendant may offer "summary judgement-type evidence" to show that the amount in controversy threshold is satisfied. *Valdez*, 372 F.3d at 1117; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The evidence may include damages estimates and attorney's fees and costs authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). Conclusory allegations are insufficient to show an amount in controversy. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citation omitted).

*1. The court accepts that Smith pled causes of action in the alternative*

State Farm argues that the amount in controversy threshold is met, exclusive of interest and costs, because the combined relief Smith seeks in contract, tort, and punitive damages "exceeds the sum of $75,000." (ECF No. 10 at 2). Smith argues that the amount in controversy remains below $75,000 because each cause of action is necessarily in the alternative to the others. (ECF No. 11 at 2) ("Since [Smith] cannot receive multiple recoveries for the same damages that are being sought . . . .").

While Smith could recover on more than one of her causes of actions, ambiguity is resolved in favor of remand. *Hunter*, 582 F.3d at 1042. Therefore, the court accepts that Smith pled each cause of action in the alternative.

Thus, because Smith intends to pursue solely a breach of contract claim and recover only the $50,000 UIM maximum (*see* ECF No. 11 at 5), State Farm fails to show by a preponderance of the evidence that Smith's multiple causes of action suggest an amount in controversy exceeding $75,000.

*2. Smith's settlement letter does not prove an amount in controversy*

State Farm also relies on monetary amounts detailed in Smith's settlement letter to argue the amount in controversy is met. (ECF No. 10 at 8; *see* ECF No. 10-1). Smith argues State Farm cannot offer Smith's settlement letter as evidence to determine the amount in controversy. (ECF No. 5 at 1–2). The court disagrees.

A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Federal Rule of Evidence 408 does not bar such evidence when it is introduced to determine whether the amount in controversy threshold is met. *Id.* at n.3.

Smith's settlement letter includes her total medical bills, Smith's research regarding jury verdict awards in cases with similar facts, and Smith's demand for the $50,000 UIM maximum. (*See* ECF No. 10-1). Smith did not disavow the settlement letter or argue its demand was inflated or otherwise inaccurate. *Cohn*, 281 F.3d at 840. Thus, because the settlement letter reflects a reasonable estimate of Smith's claim, State Farm may present it as evidence pertaining to the amount in controversy.

Thus, State Farm argues that totaling Smith's medical bills from the settlement demand letter, her future surgery allegations, her extracontractual claims, and her request for attorney's fees "indicate[s] that the amount in controversy is greater than $75,000." (ECF No. 10 at 8). Yet, State Farm's argument necessarily contradicts the possibility that Smith will pursue only a breach of contract claim and seek only the $50,000 UIM maximum. (*See e.g.*, ECF No. 11 at 5).

As previously discussed, ambiguity at this stage is resolved in favor of remand. Thus, a maximum award of $50,000—the amount Smith's settlement letter demands—is possible despite the additional monetary figures Smith presents in her letter. (ECF No. 10-1 at 3). Thus, State Farm fails to show that the monetary amounts in the settlement letter suggest by a preponderance of the evidence that the amount in controversy exceeds $75,000.

3. *State Farm fails to establish punitive damages by a preponderance of the evidence*

Courts also consider punitive damages in determining the amount in controversy when a plaintiff can recover punitive damages as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). A defendant may present "evidence of jury verdicts in cases involving similar

**James C. Mahan**
**U.S. District Judge**

- 5 -

facts" to establish a probable monetary amount for punitive damages. *Flores v. Standard Ins. Co.*, No. 3:09-cv-00501-LRH-RAM, 2010 WL 185949, at *5 (D. Nev. Jan. 15, 2010) (citing *McCaa*, 330 F. Supp. 2d at 1149).

State Farm argues the amount in controversy threshold is satisfied in part because Smith's jury verdict research in her settlement letter suggested a likely verdict range of $290,000 to $525,000. (ECF Nos. 10 at 7; 10-1 at 2). State Farm claims that because Smith stated, "she will sue for tort damages if State Farm does not tender $50,000 in contract benefits," that "there cannot be any serious question that [Smith] will ask a jury for punitive damages." (ECF No. 10 at 9 (citing ECF No. 5-1)).

Although State Farm presents Smith's jury verdict research, State Farm "mak[es] no allegations as to what amount . . . [p]laintiff may possibly recover in punitive damages," because it fails to provide any estimate of punitive damages awarded in cases with similar facts. *McCaa*, 330 F. Supp. 2d at 1149. Similarly, State Farm's argument that punitive damages are a forgone conclusion is insufficient to show a likely monetary amount of punitive damages. *Matheson*, 319 F.3d at 1090–91. State Farm's argument further ignores the possibility that Smith may forego punitive damages and pursue only her breach of contract claim.

Thus, State Farm fails to show by a preponderance of the evidence that Smith's allegations of punitive damages suggest an amount in controversy exceeding $75,000.

Accordingly, because the amount in controversy is not facially apparent on the removed complaint, and because State Farm fails to show by a preponderance of the evidence an amount in controversy exceeding $75,000, Smith's motion for remand is GRANTED.

C. <u>Smith is not entitled to attorney's fees and costs</u>

The decision to award attorney's fees is left to the sound discretion of the court. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). Yet, absent a statute or enforceable contract, a court generally may not depart from the "American rule" that each party pays its own attorney's fees and costs. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

One such fee-related statute is 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney

**James C. Mahan**
**U.S. District Judge**

- 6 -

fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Under § 1447(c), courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal . . . ." *Martin*, 546 U.S. at 141.  Removal is not objectively unreasonable "solely because the removing party's arguments [are adjudged to] lack merit." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)).

Here, Smith is not entitled to attorney's fees and costs under § 1447(c) because State Farm reasonably disputed the amount in controversy in the suit.  Smith's removed complaint alleges damages for four causes of action, which collectively totaled to an amount exceeding $120,000, plus punitive damages for three causes of action.  (ECF No. 1-1 at 24–25).  Therefore, State Farm's argument that the amount exceeded $75,000 was objectively reasonable.

Accordingly, because State Farm had an objectively reasonable basis for removing the suit to federal court, Smith's request for attorney's fees and costs is DENIED.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Smith's motion to remand (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Smith's request of attorney's fees (ECF No. 5) be, and the same hereby is, DENIED.

DATED November 1, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**